LEANDER F. LYNDE *vs.* ALLEN ROWE, JR. & others.

If, after the execution of a mortgage of real estate, fixtures are added by a tenant at will of the mortgagor, his right to remove them, after an entry by the mortgagee for the purpose of foreclosure, must be determined by the rule which prevails as between mortgagor and mortgagee, and not that which prevails as between landlord and tenant.

BILL IN EQUITY to restrain the defendants from removing certain fixtures from a building upon which the plaintiff held a mortgage, by assignment.

It appeared that the building was formerly owned by Allen Rowe, who had formed a partnership with his son, under the firm of Allen Rowe & Son, and they occupied the building as a shoe manufactory, without any written lease, so far as appeared, from a period anterior to November 1855 until they went into insolvency in May 1861. In November 1855 Rowe mortgaged the premises to certain persons, who entered for the purpose of foreclosure for breach of condition in October 1861, and in March 1863 assigned the mortgage and all their rights under it to the plaintiff. Allen Rowe & Son placed in the building certain fixtures in 1858, consisting of a steam-engine and boiler, gearing, machinery, steam and gas pipes, and a safe, fastening them in a manner which it was virtually admitted would, as between mortgagor and mortgagee, make them a part of the realty. After the insolvency of Allen Rowe & Son, the defendants formed a new partnership, and went into the occupation of the building under the assignees in insolvency, and one of them bought from the assignees their right and title to the fixtures referred to, and have since threatened and actually commenced to remove the same.

On these facts the case was reserved by *Gray,* J., for the determination of the full court.

*A. V. Lynde,* for the plaintiff.

*J. Q. A. Griffin,* for the defendants. The articles in controversy were procured by the firm and for the use of the firm, and not by Allen Rowe in his individual capacity. The relation of lessor and lessees existed between the owner of the building and the owners of the fixtures from first to last, and every article was furnished by the tenants, and for the special uses and necessities of their business. This is not, therefore, a case between mortgagor and mortgagee, but between landlord and tenant, and as to tenant's fixtures, and it should be determined by the rule applicable to landlord and tenant. [The argument to show that as between landlord and tenant the fixtures were removable is omitted.]

HOAR, J. There can be no doubt that the several articles named in the plaintiff's bill, which were placed in the building before the assignee of the mortgage took possession, were fixtures which, as between mortgagor and mortgagee, became a part of the realty, and could not be sold or removed as personal property without the mortgagee's consent. *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306. *Richardson* v. *Copeland,* 6 Gray, 536. It appears that they were annexed to the freehold after the execution of the mortgage under which the plaintiff claims, by a copartnership of which the mortgagor was a member, who occupied the building as tenants of the mortgagor; and the defendants contend that the question whether they became a part of the freehold is to be settled according to the more liberal rule as between landlord and tenant.

But the doctrine is well settled, that, although the mortgagor is to be regarded as owner of the estate as to all other persons than the mortgagee, yet that he cannot create a tenancy after the execution of the mortgage, which will be valid against the mortgagee, unless the mortgagee chooses to recognize the tenant as such. The mortgagee may, if he chooses, disavow the tenancy, and enter and evict the tenant, who will not even be entitled to emblements. *Mayo* v. *Fletcher,* 14 Pick. 525. 1 Washburn on Real Prop. 531.

The mortgagees did not enter upon the mortgaged estate

until after the insolvency of Allen Rowe & Son, and that firm never became their tenants. When possession was taken under the mortgage, the right of the mortgagees and their assigns was to have the estate with all its appurtenances in the condition in which it then was, and the assignees in insolvency of Allen Rowe & Son took no greater right than the insolvents had. The fixtures put in by the defendants since they became tenants under the assignee of the mortgage stand on a different ground.

The plaintiff is therefore entitled to the injunction asked in the bill against the removal of the fixtures placed in the building by Allen Rowe & Son, and to an account and assessment of damages for the articles which were removed in violation of his right. The case is to be referred to a master to ascertain and assess the damages; and upon his report the plaintiff will be entitled to judgment for the sum thus ascertained, and for his costs.